**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSE MOLINAREZ,

    Plaintiff,

v.                                             Case No. 3:14-cv-137-J-34PDB

PCS PHOSPHATE COMPANY, INC., a
foreign corporation; THOMPSON
INDUSTRIAL SERVICES, LLC, a foreign
limited liability company; and WHITE
SPRINGS AGRICULTURAL CHEMICALS,
INC., a foreign corporation,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on February 3, 2014, by filing a seven-count Complaint (Doc. No. 1; Complaint) against Defendants. Upon review of Complaint, the Court is unable to determine whether it has jurisdiction over this action. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In this case, Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the jurisdictional minimum of $75,000.00, and there is diversity among the parties. Complaint at 1-2. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Upon review of the allegations in the Complaint, however, the Court is unable to determine the citizenship of Plaintiff or Defendants. Plaintiff alleges that "[a]t all times material hereto, Plaintiff, [Jose Molinarez], was a resident of Lake City in Columbia County, Florida." Id. at 1. Additionally, Plaintiff alleges that "[a]t all material times hereto, Defendant, PCS [Phosphate Company, Inc.], was a Delaware corporation doing business in White Springs, Hamilton County, Florida[;] . . . Defendant, [Thompson Industrial Services, LLC], was a foreign limited liability company, with its principal place of business in Sumter, South Carolina, doing business in White Springs, Hamilton County, Florida[;] . . . [and] Defendant, [White Springs Agricultural Chemicals, Inc.], was a Delaware corporation doing business in White Springs, Hamilton County, Florida." Id. at 2. These allegations are insufficient to demonstrate Plaintiff's and Defendants' citizenships.

To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which

he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). As the Complaint discloses only the residence of Plaintiff, rather than his state of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Further, "[t]he federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Accordingly, the allegations that "Defendant PCS [Phosphate Company, Inc.], was a Delaware corporation doing business in White Springs, Hamilton County, Florida[,]" and that "Defendant, [White Springs Agricultural Chemicals, Inc.], was a Delaware corporation doing business in White Springs, Hamilton County, Florida" are insufficient to disclose Defendants' citizenships—indeed, these allegations do not disclose Defendants' principal places of business. See Hertz, 130 S.Ct at 1185.

Additionally, the Complaint alleges that "[a]t all times material hereto, Defendant [Thompson Industrial Services, LLC], was a foreign limited liability company, with its principal place of business in Sumter, South Carolina, doing business in White Springs, Hamilton County, Florida." Complaint at 2. For purposes of establishing diversity jurisdiction, "a

limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)); see also Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011).  Therefore, to sufficiently allege the citizenship of a limited liability company, a plaintiff must allege the citizenship of each of the limited liability company's members.  See Mallory & Evans, 663 F.3d at 1305; Rolling Greens, 374 F.3d at 1022.  Without knowledge of the identity and citizenship of Thompson Industrial Services, LLC's members, the Court is unable to determine whether complete diversity exists between Plaintiff and Defendants.  See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]").  Indeed, without such information, the Court cannot trace Thompson Industrial Services, LLC's members' citizenship "through however many layers of partners or members there may be."  See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund, L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or

partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[1] Accordingly, it is hereby

**ORDERED**:

Plaintiff shall have until **March 10, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 10th day of February, 2014.

*MARCIA MORALES HOWARD*
United States District Judge

lc18

Copies to:

Counsel of Record

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").