**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSE MOLINAREZ,

    Plaintiff,

v.                                          Case No. 3:14-cv-137-J-34PDB

PCS PHOSPHATE COMPANY, INC., a
foreign corporation; THOMPSON
INDUSTRIAL SERVICES, LLC, a foreign
limited liability company; and WHITE
SPRINGS AGRICULTURAL CHEMICALS,
INC., a foreign corporation,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant, Thompson Industrial Services, LLC's Motion to Dismiss (Doc. 12; Motion) filed on February 27, 2014. In the Motion, Defendant Thompson Industrial Services, LLC (Thompson) requests that the Court dismiss the Complaint for Damages (Doc. 1; Complaint) in its entirety because Plaintiff fails to plead sufficient allegations to establish diversity jurisdiction under 28 U.S.C. §1332. Thompson also requests that the Court dismiss Count Four of the Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). Plaintiff Jose Molinarez (Molinarez) filed a response in opposition to the Motion on March 7, 2014. See Plaintiff's Response in Opposition to Defendant, Thompson Industrial Services, LLC's, Motion to Dismiss and Supporting Memorandum of Law (Doc. 19; Response). With leave of Court, see Order (Doc. 26), Thompson filed a reply on April 9, 2014, see Defendant, Thompson Industrial Services, LLC's, Reply to Plaintiff's Response in Opposition to Defendant, Thompson Industrial

Services, LLC's Motion to Dismiss (Doc. 27; Reply). Accordingly, the Motion is ripe for review.

The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction"). "Because a court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously ensure that jurisdiction exists over a case." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2002).

Molinarez initiated this action on February 3, 2014, by filing the Complaint against PCS Phosphate Company, Inc. (PCS), White Springs Agricultural Chemicals, Inc. (White Springs), and Thompson. In the Complaint, Molinarez alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the jurisdictional minimum of $75,000.00, and there is diversity among the parties. Complaint ¶¶ 1-5. Upon review of the Complaint, the Court was unable to determine the citizenships of Molinarez or Defendants.[1] As such, on February 10, 2014, the Court sua sponte ordered Molinarez to provide the Court with sufficient information so that it could determine whether it has jurisdiction over this action. See Order (Doc. 4). On February 27, 2014, before Molinarez filed a response to the Court's sua sponte order, Thompson filed the Motion, in

---

[1] The deficiencies in Molinarez's jurisdictional allegations were the following: Molinarez alleged his state of residence rather than his state of citizenship, Molinarez failed to allege PCS's and White Spring's principal place of business, and Molinarez failed to allege the citizenship of each of Thompson's members. See Complaint ¶¶ 2-5.

which it pointed out the same jurisdictional deficiencies raised by the Court. See Motion at ¶¶ 2-13. On March 7, 2014, Molinarez filed Plaintiff Jose Molinarez's Memorandum of Law in Response to this Court's Order Entered on February 10, 2014, Regarding the Diversity of the Parties (Doc. 16; Response to Order).[2] Upon review of the Response to Order, the Court entered a Notice indicating that its inquiry into the Court's subject matter jurisdiction was satisfied. See Notice (Doc. 18). However, in light of Thompson's Motion, the Court questions whether it may rely upon Molinarez's jurisdictional supplementation (as opposed to allegations in a proper amended complaint) for purposes of determining subject matter jurisdiction. Therefore, in an abundance of caution, the Court will grant the Motion to the extent Thompson seeks dismissal of the Complaint and will provide Molinarez leave to file an amended complaint. Molinarez shall file an amended complaint setting forth allegations which are sufficient to establish the existence of subject matter jurisdiction on or before September 26, 2014.

Accordingly, it is hereby **ORDERED**:

1. Defendant, Thompson Industrial Services, LLC's Motion to Dismiss (Doc. 12) is **GRANTED** to the extent that the Complaint is dismissed without prejudice. The Motion is otherwise **DENIED as moot.**

---

[2] In the Response to Order, Molinarez requested leave to amend the Complaint "[s]hould this Court determine that Plaintiff has not sufficiently alleged citizenship[.]" Response to Order at 8.

2. Plaintiff Jose Molinarez shall have up to and including **September 26, 2014**, to file an amended complaint setting forth allegations which are sufficient to establish subject matter jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of September, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc18

Copies to:

Counsel of Record